IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

                                                    Case No. 3:92-cr-00169-AB-2

                                                   OPINION AND ORDER

v.

ROBBIE LEN BASCUE,

        Defendant.


**BAGGIO, District Judge:**

Before the Court is Defendant Robbie Len Bascue's[1] April 4, 2025, Writ of Coram Nobis and Request for Declaratory Judgment ("Petition" or "Petition for writ of coram nobis") that seeks reversal of his conviction. Petition for Writ of Coram Nobis ("Pet.", ECF 372), 10. The United States of America ("the Government") responded to Defendant's Petition on May 21, 2025. Government's Response to Defendant's Petition for Writ of Coram Nobis ("Resp.", ECF 377). Defendant replied with a notice regarding the legality of machinegun and silencer kits sold in catalogues. *See* Notice to Court per Fed. R. Civ. P. by DOJ and BATFE that Machinegun and Silencer Kits Sold in Catalogues are Illegal (ECF 380). For the reasons explained below, the Court dismisses Defendant's Petition for lack of subject matter jurisdiction.

---

[1] Throughout this Opinion and Order, the Court refers to Mr. Bascue as "Defendant" rather than "Petitioner" based on how he is identified in the case caption.

1 – OPINION AND ORDER

## I.     BACKGROUND

In 1995, a federal jury convicted Defendant of two counts of transfer and possession of a machinegun violating 18 U.S.C § 922(o) based on Defendant's sale of 64 machineguns and 44 silencers to undercover agents. *See* Minutes of Jury Trial (ECF 218); *see generally*, Resp., Exhibit A[2] (ECF 377-1), 2–4 ("Defendants Ronald and Robbie Bascue were convicted following a jury trial of two counts each of Transfer of Machine Gunes and Possession of Machine Guns, both pursuant to 18 U.S.C § 922(o)."). The Court sentenced Defendant to 51 months in prison followed by three years of supervised release. Judgment and Commitment (ECF 242).

Defendant filed a motion for relief under 28 U.S.C § 2255 on January 15, 1998, which the Court denied in an Opinion addressing the motion's merits filed on May 12, 1998. *See* Resp., Exhibits B (ECF 377-2) & L (ECF 377-12). After receiving the Court's May 12, 1998, Opinion, Defendant filed a motion for extension of time and a notice of intent to submit a motion for reconsideration under Rule 60(b), *see id.* at Exhibit C, (ECF 377-3), which the Court denied. Order Denying Motion to Extend Time, (ECF 333). Defendant then filed a Motion for Relief from Judgment, which appeared to seek reconsideration of the Court's Order denying his motion for an extension of time. Resp., Exhibit C, (ECF 377-3). The Court set a briefing schedule on Defendant's Motion for Relief from Judgment but ultimately denied the motion. *See* Minutes of Order (ECF 335); Order Denying Motion for Relief from Judgment (ECF 337).

Defendant's supervision period ended on September 5, 2002. *See* Order Granting Motion to Discharge Defendant (ECF 360). Now, over twenty years after completing his sentence,

---

[2] Although the Government refers to the attachments to its response as Exhibits A–Q, the attachments have no cover sheet or any other notation indicating such naming. *See e.g.*, Resp., Exhibit A, 1 (ECF 377-1). For clarity, the Court refers to the Exhibits as the Government does, but also includes their CM/ECF docket number.

Defendant seeks relief through a writ of coram nobis, arguing that his conviction must be dismissed because 18 U.S.C § 922(o) is unconstitutional, among other things, under the Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). *See* Pet., 10 (requesting that the Court reverse or dismiss the allegedly illegal indictment).

## II. LEGAL STANDARDS

"[A] writ of error coram nobis affords a remedy to attack a conviction when the petitioner has served his sentence and is no longer in custody." *United States v. Kwan*, 407 F.3d 1005, 1009 (9th Cir. 2005) (internal quotation marks and citation omitted), *opinion amended on reh'g*, No. 03-50315, 2005 WL 1692492 (9th Cir. July 21, 2005), *and abrogated on other grounds by Padilla v. Kentucky*, 559 U.S. 356 (2010). The writ is an "extraordinary remedy" available "only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954). To qualify for this "extraordinary remedy," a petitioner must meet four requirements: (1) unavailability of a "more usual remedy," (2) valid reasons for petitioner's delay in challenging the conviction, (3) adverse consequences from the conviction sufficient to satisfy an Article III case-and-controversy requirement, and (4) an "error . . . of the most fundamental character." *Kwan*, 407 F.3d at 1011.

## III. DISCUSSION

Before addressing the merits of Defendant's Petition, the Court must consider the Government's argument that the Court lacks jurisdiction over this Petition because it is a second or successive § 2255 habeas motion. *See* Resp., 4–6.

"A federal prisoner challenging [his] custody 'is generally limited to one motion under § 2255.'" *Tong v. United States*, 81 F.4th 1022, 1024 (9th Cir. 2023) (quoting *United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011)). Under 28 U.S.C § 2255(h), a district court

3 – OPINION AND ORDER

lacks jurisdiction to consider a second or successive § 2255 motion unless the Ninth Circuit authorizes it to do so. *See* 28 U.S.C § 2255(h); *see also United States v. Lopez*, 577 F.3d 1053, 1061 (9th Cir. 2009) (a district court lacks jurisdiction to consider a second or successive §2255 motion absent authorization from the Ninth Circuit). The Ninth Circuit has recognized that "'second or successive' is a 'term of art[,]'" and not all § 2255 motions filed second-in-time qualify as such. *Tong*, 81 F.4th at 1025 (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000)); *see also United States v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011) ("[A]ssum[ing], without deciding, that the [Supreme] Court's interpretation of 'second or successive' for purposes of § 2244(b)(2) applies to § 2255(h)."). For a § 2255 motion to be "second or successive" it must challenge the same judgment as the first motion and raise a claim that could have been adjudicated on the merits in the first motion. *Magwood v. Patterson*, 561 U.S. 320, 341 & 341–42 (2010). Moreover, a court must not have dismissed the first motion on technical grounds without reaching the merits. *Tong*, 81 F.4th at 1025.

The Ninth Circuit has stated "that the statutory limits on second or successive habeas petitions do not create a 'gap' in the post-conviction landscape that can be filled with the common law writs[ ]" but has not squarely addressed whether the restrictions on second or successive § 2255 motions apply to coram nobis petitions. *Carrington v. United States*, 503 F.3d 888, 890 (9th Cir. 2007), *opinion amended on denial of reh'g*, 530 F.3d 1183 (9th Cir. 2008). The circuits that have considered this question have held that § 2255(h)'s restrictions apply to coram nobis petitions. *See e.g.*, *United States v. Miles*, 923 F.3d 798, 804 (10th Cir. 2019) ("We can think of no reason why [2255(h)'s] restrictions should not apply to petitions for writs of coram nobis."); *Baranski v. United States*, 880 F.3d 951, 956 (8th Cir. 2018) (the petitioner's "*coram nobis* petition is subject to the restrictions on second or successive [habeas petitions]"); *Trenkler v. United States*, 536 F.3d

4 – OPINION AND ORDER

85, 98 (1st Cir. 2008) (coram nobis cannot be used to avoid congress's bar on second or successive habeas petitions in § 2255(h)). Here, the Court finds the other circuits' reasoning persuasive and finds that § 2255(h)'s restrictions on second or successive § 2255 motions apply to Defendant's Petition.

After careful consideration and review of the record, the Court finds that Defendant's Petition for a writ of coram nobis is a second or successive § 2255 motion. Specifically, Defendant's Petition challenges the same judgment as the § 2255 motion that he filed in January 1998 and raises a claim that he could have adjudicated on the merits in that motion. *See* Pet., 2 (challenging Defendant's conviction under 18 U.S.C § 922(o)); Resp., Exhibit B (ECF 377-2), 2 (describing conviction under attack as "Count 2 & 4 of Title 18 § 922(o)); *see also Magwood*, 561 U.S. at 341–42 (describing the criteria for a § 2255 motion to be second or successive). And the Court reached the merits of Defendant's § 2255 motion. *See* Resp., Exhibit L (ECF 377-12); *see also Tong*, 81 F.4th at 1025 (stating that for a § 2255 motion to be second or successive, it must have been decided on the merits). Because Defendant's Petition is second or successive, the Court lacks jurisdiction to consider it absent certification from the Ninth Circuit that *Bruen* establishes "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *United States v. Washington*, 653 F. 3d 1057, 1059 (9th Cir. 2011) (quoting 28 U.S.C § 2255(h)) (internal quotation marks omitted). Nothing in the record suggests that Defendant has obtained such certification. Accordingly, the Court lacks jurisdiction to consider Defendant's Petition, and must dismiss it. *See Lopez*, 577 F.3d at 1061.

///

///

///

5 – OPINION AND ORDER

## IV. CONCLUSION

Defendant's Petition for a writ or coram nobis (ECF 372) is dismissed for lack of jurisdiction.

IT IS SO ORDERED.

DATED this __6th__ day of August 2025.

*Amy M. Baggio*
AMY M. BAGGIO
United States District Judge

6 – OPINION AND ORDER